IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CHAUNHENG MANAGEMENT and          )
DAVID MOLONY,                     )   Civil Action
                                  )   No. 11-cv-06319
            Plaintiffs            )
                                  )
      vs.                         )
                                  )
THE HARTFORD'S TWIN CITY FIRE     )
   INSURANCE COMPANY, doing       )
   business as Twin City Fire     )
   Insurance Company, and         )
THE HARTFORD INSURANCE COMPANY,   )
                                  )
            Defendants            )


                    *     *     *

APPEARANCES

          MICHAEL G. LONGENHAGEN, ESQUIRE
               On behalf of plaintiffs

          RONALD P. SCHILLER, ESQUIRE
               On behalf of defendants

                    *     *     *

                O P I N I O N

JAMES KNOLL GARDNER
United States District Judge


          This matter is before the court on Plaintiffs' Motion

to Remand Pursuant to 28 U.S.C. § 1447(c) filed November 4, 2011

and Defendants' Motion for Rule 11 Sanctions filed December 12,

2011.

          On November 18, 2011 Defendants' Opposition to

Plaintiffs' Motion to Remand was filed.  On December 27, 2011

Plaintiffs' Answer and Brief in Opposition to Defendants' Motion for Rule 11 Sanctions were filed.

For the reasons articulated below, I deny plaintiffs' motion to remand and deny defendants' motion for sanctions.

## JURISDICTION

Jurisdiction in this case is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The parties contest whether this court has jurisdiction.  However, defendants' Notice of Removal alleges that plaintiffs are citizens of Pennsylvania and that defendants are citizens of Connecticut and Indiana.  The amount in controversy exceeds $75,000.00.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to plaintiffs' claims allegedly occurred within this judicial district.

## DISCUSSION

### Motion to Remand

On September 16, 2011 plaintiffs Chaunheng Management and David Moloney filed a Complaint in Civil Action number 2011-C-3304 in the Court of Common Pleas of Lehigh County, Pennsylvania against defendants The Hartford's Twin City Fire Insurance Company doing business as Twin City Fire Company and The Hartford Insurance Company.  The Complaint alleged state-law

causes of action for bad faith (Count I), negligence (Count II), strict liability (Count III), and fraud (Count IV).[1]

On October 7, 2011 Defendants' Notice of Removal was filed. Defendants alleged federal jurisdiction pursuant to 28 U.S.C. § 1332, which provides that district courts have original jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Defendants aver that there is no entity called The Hartford Insurance Company ("Hartford"). However defendants assert that to the extent plaintiffs' Complaint is referring to Hartford Fire Insurance Company, it is a Connecticut corporation with its principal place of business in Hartford, Connecticut.[2] Therefore defendants contend that defendant Hartford is a citizen of Connecticut.

Defendants aver that defendant Hartford's Twin City Fire Insurance Company ("Twin City") was also improperly named and that the proper party to this action is Twin City Fire Insurance Company. Defendants aver that Twin City Fire Insurance Company is an Indiana Corporation with its principal place of

---

[1]     Defendants' Notice of Removal, Exhibit A.

[2]     Defendants' Notice of Removal, ¶ 8.

business in Hartford, Connecticut.[3]  Therefore defendants contend
that defendant Twin City is a citizen of Indiana and Connecticut.

Defendants assert that plaintiffs are citizens of
Pennsylvania and that the amount in controversy exceeds
$75,000.00.[4]  Accordingly, defendants contend that removal was
proper pursuant to 28 U.S.C. § 1332.

Plaintiffs contend that remand is warranted because
this court lacks subject matter jurisdiction.  According to
plaintiffs, contrary to the assertions in Defendants' Notice of
Removal, defendants are citizens of Pennsylvania.

Specifically, plaintiffs contend that defendant
Hartford has a principal place of business in Pennsylvania.[5]
Plaintiffs attach a printout from the Pennsylvania Department of
State, Corporation Bureau website to its motion to remand.  This
printout appears to be a list of companies found in a search of
the Pennsylvania Department of State website using the term
"Hartford" as the search criteria.[6]  Plaintiffs also attach what
appears to be a printout from defendant Hartford's website, which

---

[3]     Defendants' Notice of Removal, ¶ 7; Defendants' Opposition to
Plaintiffs' Motion to Remand, page 6.

[4]     Defendants' Notice of Removal, ¶¶ 9 and 10.

[5]     Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1447(c),
¶ 14.

[6]     Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1447(c),
Exhibit C.

-4-

indicates that defendant Hartford has several office locations in Pennsylvania.[7]

However, plaintiffs do not specify how Exhibit C establishes that defendant Hartford is a Pennsylvania corporation.  In fact, neither The Hartford Insurance Company nor Hartford Fire Insurance Company appear on the list provided by plaintiffs.  An entity named "Hartford Insurance Agency" appears on the list, but even if defendant Hartford did appear on the list as named in the caption, plaintiffs have not specified what the print-out is or how it establishes that defendant Hartford is a citizen of Pennsylvania.

Nor does Exhibit D establish that defendants are citizens of Pennsylvania.  For purposes of pleading diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which is has been incorporated and of any State where it has its principal place of business".  28 U.S.C. § 1332(c)(1).

A corporation can only have one principal place of business.  Lasch v. Idearc Media Corporation, 2007 WL 4302815, at *2 (E.D.Pa. Dec. 7, 2007) (Surrick, J.).  Contrary to establishing that defendant Hartford's principal place of business is Pennsylvania, Exhibit D indicates that defendant Hartford's company headquarters is in Connecticut.  Therefore, I

---

[7]    Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1447(c), Exhibit D.

have no reason to doubt defendants' averments concerning their state of incorporation and principal place of business.

Plaintiffs also contend that defendants fail to establish diversity jurisdiction because plaintiffs' claims constitute a "direct action" against an insurer of a policy or contract of liability insurance and that therefore pursuant to 28 U.S.C § 1332(c)(1) defendants, as plaintiffs' insurer, "shall be deemed a citizen of...every State and foreign state of which the insured is a citizen".

Plaintiffs contend that defendants are their insurer and therefore are deemed to be citizens of the state of which the insured, in this case, plaintiffs, are citizens.  Accordingly, plaintiffs contend that both plaintiffs and defendants are citizens of Pennsylvania.

However, "unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." Myers v. State Farm Insurance Company, 842 F.2d 705, 707 (3d Cir. 1988) quoting Fortson v. St. Paul Fire & Marine Insurance Company, 751 F.2d 1157, 1159 (11th Cir. 1985).

Accordingly, the "direct action" provision only defeats diversity jurisdiction in a claim in which a plaintiff pursues his or her claims directly against the insurer (with diverse citizenship from plaintiff) for the actions or injuries caused by

-6-

the insured (with non-diverse citizenship from plaintiff).  See
Myers, 842 F.2d at 709.  In such a case, the insurer assumes the
citizenship of the insured.

          Here, plaintiffs contend that they are insured by
defendants and that defendants assume plaintiffs' citizenship.
However, because plaintiffs contend that they are the insured,
plaintiffs' claims cannot be of such a nature that the liability
sought to be imposed could be imposed against the insured.
Therefore, plaintiffs' suit is not a direct action.  Simply put,
when an insured, as the injured party, brings suit against his
insurer, it is not a direct action.  McGlinchey v. Hartford
Accident and Indemnity Co., 866 F.2d 651, 653 (3d Cir. 1989).

          In Defendants' Opposition to Plaintiffs' Motion to
Remand, defendants contend that, contrary to plaintiffs'
assertions, plaintiffs are not insured by defendants.  This
Opinion does not address whether plaintiffs are insured by
defendants.  However, even if plaintiffs are not insured by
defendants, plaintiffs' claims are not a direct action because
they are seeking to recover for the alleged actions of
defendants, not the actions of a person or entity insured by
defendants.

          Accordingly, because plaintiffs have not provided any
basis to question the averments of defendants' citizenship and
because plaintiffs' claims are not a direct action pursuant to

28 U.S.C. § 1332, diversity jurisdiction exists and plaintiffs'
motion to remand is denied.

<u>Motion for Sanctions</u>

On December 12, 2011 Defendants' Motion for Rule 11
Sanctions was filed.  Defendants contend that plaintiffs' motion
to remand was filed for an improper purpose and that plaintiffs
sought remand without a factual or legal basis.

Pursuant to Rule 11 of the Federal Rules of Civil
Procedure, a motion for sanctions may only be made after certain
procedural requirements are met.  Specifically, Rule 11(c)(2)
requires that prior to filing a motion for sanctions with the
court, the party seeking sanctions must serve a copy of that
motion on the party they are moving against and then wait at
least 21 days prior to filing the motion with the court.  This
safe-harbor provision creates an opportunity for the alleged
violator to review his claims and withdraw or correct his filings
as appropriate to avoid violating the rule.  <u>Nufrio v.
Quintavella</u>, 2012 U.S.Dist. LEXIS 16791 at *6-7 (D.N.J. Feb. 10,
2012).

Pursuant to Rule 6, when service is completed by mail,
three additional days are added to the period to respond.

Here, defendants aver that its motion for sanctions,
along with a letter requesting withdrawal of plaintiffs' motion
to remand was served on plaintiffs on November 18, 2011.

-8-

Defendants do not indicate how they served plaintiffs, and did not file proof of such service.

Because defendants have not specified how plaintiffs were initially served with its motion for sanctions, I cannot determine whether defendants complied with the safe-harbor provision of Rule 11.

Defendants aver that plaintiffs were served on November 18, 2011.  If defendants personally served plaintiffs, defendants' motion for sanctions complied with Rule 11's procedural requirements.  However, if defendants served plaintiffs by mail, then defendants would be prohibited from filing its motion for sanctions until <u>after</u> December 12, 2011 (21 days pursuant to Rule 11(c)(2) plus an additional three days pursuant to Rule 6 if service was completed by mail).

Defendants filed their motion for sanctions with the court on December 12, 2011.  However, if defendants previously served plaintiffs with its motion for sanctions by mail, then plaintiffs still had an opportunity to withdraw or amend their motion to remand on December 12, 2011.  Because I cannot determine how defendants served plaintiffs prior to filing the within motion for sanctions, I cannot determine whether defendants complied with the safe-harbor provision of Rule 11.

Accordingly, I deny defendants' motion for sanctions for failure to comply with its procedural requirements prior to

filing the within motion for sanctions.  However, even if defendants had complied with Rule 11's safe-harbor provision, I would deny their motion for sanctions.

Substantively, Rule 11 provides in pertinent part that by presenting to the court a pleading, written motion, or other paper an attorney certifies to the best of the attorney's knowledge that the motion is (1) not being presented for any improper purpose; (2) the legal contentions are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law; (3) the factual contentions have evidentiary support or will have evidentiary support after a reasonable opportunity for further investigation; and (4) the denials of factual contentions are warranted on the evidence or reasonably based on belief or lack of information. Fed.R.Civ.P. 11(b).

Here, defendants contend that plaintiffs filed their motion to remand for an improper purpose.  Specifically, defendants contend that plaintiffs filed their motion to remand solely "to cover" for plaintiffs' failure to file a timely response in opposition to defendants motion to dismiss.[8] Defendants assert that plaintiffs filed a response in opposition to their motion to dismiss on November 7, 2011, but that plaintiffs' deadline to respond was November 4, 2011.

---

[8]    Defendants' Motion for Rule 11 Sanctions, page 4.

However, contrary to defendants' assertion, plaintiffs' response in opposition was timely filed.  First, the docket entries indicate that plaintiffs' answer and brief in opposition to defendants' motion to dismiss was filed on November 4, 2011-- not November 7, 2011 as defendants assert.[9]  Second, plaintiffs' response would have been timely even if it had been filed on November 7, 2011.

Defendants filed their motion to dismiss on October 14, 2011.  Pursuant to Rule 7.1 of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania at the time defendants filed their motion to dismiss, plaintiffs had until November 7, 2011 to respond to defendants' motion to dismiss (twenty-one days pursuant to Local Rule 7.1 plus three additional days pursuant to Local Rule 5.1.2 because defendants' motion to dismiss was served on plaintiffs electronically).[10]

Therefore, because plaintiffs' opposition brief was timely filed and because defendants do not contend that plaintiffs' motion to remand was otherwise filed for an improper purpose, it does not appear that plaintiffs' motion to remand was filed for an improper purpose.

---

[9]     See Docket entry 8.

[10]     On March 8, 2012, the Local Rules were amended to provide a 14-day, rather than 21-day, period to respond to a motion to dismiss.  However, at the time defendants' motion to dismiss was filed, the 21-day deadline applied.

Defendants also contend that plaintiffs sought remand without a factual or legal basis.  Specifically defendants contend that plaintiffs' motion for remand was based on a false contention that defendant Hartford is a citizen of Pennsylvania and that plaintiffs admitted in their Complaint that defendants were not citizens of Pennsylvania.  Moreover, defendants contend that plaintiffs' motion to remand misapplied the "direct action" provision of   28 U.S.C. § 1332.

The goal of Rule 11 is accountability and accordingly the rule imposes a duty on counsel to "look before leaping".  The standard used to test the attorney is reasonableness under the circumstances.  <u>Opthof v. Ashland Chemical, Inc.</u>,1993 U.S.Dist. LEXIS 16199 at *18-19 (E.D.Pa. Oct. 28, 1993) (Troutman, J.).

In considering the reasonableness of an attorney's conduct the court will consider (1) the amount of time available to the signer for conducting the factual and legal investigation; (2) the necessity for reliance on a client for the underlying factual information; (3) the plausibility of the legal position advocated; and (4) whether the case was referred to the signer by another member of the Bar.  <u>Id.</u> <u>citing</u> <u>Mary Ann Pensiero, Inc. v. Lingle</u>, 847 F.2d 90, 95 (3d. Cir. 1988).

The plausibility of the legal position advocated is a "prime consideration" in determining whether the attorney's conduct constituted a Rule 11 violation.  <u>Opthof</u>, 1993 U.S.Dist.

LEXIS 16199 at *20.  A legal argument may be classified as "clearly unreasonable" when it bears a "fatal, irremedial defect" on the face of the motion and when settled law opposes the argument and counsel does not confront or attempt to distinguish adverse authority.  Id. at * 20-21.

Here, as explained above, plaintiffs' motion to remand is denied.  However, I cannot conclude that plaintiffs' motion was "clearly unreasonable".  Therefore, I conclude that sanctions are not warranted.

Plaintiffs' motion to remand misinterprets the law concerning the determination of a corporation's place of citizenship for purposes of diversity jurisdiction.  However, plaintiffs' contention that defendant Hartford has a principal place of business in Pennsylvania based on having multiple offices located in Pennsylvania, while legally inaccurate, is not "clearly unreasonable".

Additionally, while the direct action provision of 28 U.S.C. § 1332(c) does not apply to plaintiffs' claims because plaintiffs are seeking to recover for the alleged actions of defendants, not the actions of a person or entity insured by defendants, plaintiffs' argument that defendants, as the insurer of plaintiffs, assume the citizenship of plaintiffs is not frivolous.

Therefore, defendants' motion for sanctions is denied.

-13-

CONCLUSION

For all the foregoing reasons, I deny plaintiffs'
motion to remand and deny defendants' motion for sanctions.